

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK STEIN,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>          Defendants. | Case No.: 24-cv-00953-DMS-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

## I.     INTRODUCTION

On May 31, 2024, Plaintiff Nick Stein, proceeding pro se, filed a Complaint against the City of San Diego; various police officers, including Chief of the San Diego Police Department, David Nisleit; and unnamed individuals (collectively, "Defendants"). (ECF No. 1). Plaintiff concurrently filed a Motion to Proceed Informa Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2). The Court found that Plaintiff was unable to pay the filing fee but dismissed the case with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e)'s screening requirement. (ECF No. 4 at 2, 4). Plaintiff then filed his First Amended Complaint ("FAC") on October 25, 2024, which is the subject of a second sua sponte review here. (FAC, ECF No. 5). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## II. SECOND SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a judge assesses plausibility, he must draw on "judicial experience and common sense." *Id.* at 664.

Plaintiff's FAC is clearer than his first Complaint. It is more concise and lays out the relevant allegations in a sensical order. (FAC 8–22). Plaintiff also designates eleven causes of action. (*Id.* at 22–32). On a liberal reading of the FAC alone, the Court finds that Plaintiff's allegations are "sufficient to warrant . . . an answer". *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also id.* at 1121 ("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Because Plaintiff's

FAC pleads factual content that, if accepted as true, broadly states a claim to relief, Plaintiff's claims—which can be parsed through at a later juncture—survive.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and orders as follows:

1. The United States Marshal shall serve a copy of the FAC, summons, and the Court's Orders with respect to Plaintiff's IFP Motion upon Defendants. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated:  June 26, 2025

_____
Hon. Dana M. Sabraw
United States District Judge