UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK STEIN,<br><br>                             Plaintiff,<br>v.<br>THE CITY OF SAN DIEGO, et al.,<br>                            Defendants. | Case No.: 3:24-cv-00953-DMS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 14]** |

      Before the Court is Plaintiff Nick Stein's ("Plaintiff") Motion for Appointment of Counsel. ECF No. 14. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.  BACKGROUND

Proceeding *pro se* and *in forma pauperis*, Plaintiff filed his amended complaint on October 25, 2024, pursuant to 42 U.S.C. § 1983. ECF Nos. 4, 5, 6. Plaintiff alleges unlawful search and seizure, excessive use of force, and *Monell*[1] violations against the City of San Diego; various police officers, including Chief of the San Diego Police Department, David Nisleit; and unnamed individuals (collectively, "Defendants"). ECF No. 5. Plaintiff also seeks relief under California law, asserting claims for assault, battery, false imprisonment, and intentional infliction of emotional distress. *Id.* On August 14, 2025, Defendants filed a motion to dismiss. ECF No. 15.

## II.  LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show it is "well-established that there is generally no constitutional right to counsel in civil cases"). Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required plaintiffs to demonstrate they are indigent and have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see e.g.*, *Verble v. United States*, No. 07-cv-0472-BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

Even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also]

---

[1] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues are dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## III.     DISCUSSION

First, the Court examines the threshold requirements of whether Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, though Plaintiff did not present details regarding his inability to afford counsel in the instant motion, the Court has previously acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 6; *see* ECF No. 4 at 2. Additionally, Plaintiff has made considerable efforts to secure counsel. Plaintiff contacted the American Civil Liberties Union, the Pacific Legal Foundation, the San Diego Injury Law Center, Bulldog for Justice, and Paul Neuharth, Jr., APC, to no avail. ECF No. 14 at 2. Because Plaintiff satisfies the threshold requirements, the Court must now determine whether Plaintiff can show exceptional circumstances by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *Wilborn*, 789 F.2d at 1331; *Bailey*, 835 F. Supp. at 552.

### A.     Likelihood of Success on the Merits

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits. Plaintiff contends that his "[c]ase has merit." ECF No. 14 at 2. Such a conclusory statement, without supporting evidence, is insufficient. *Ashelman v. Ogle*, No. C09-5389-BHS-KLS, 2009 WL 4823845, at *3 (W.D. Wash. Dec. 10, 2009) (denying motion for appointment of

counsel where plaintiff failed to show likelihood of success on the merits beyond conclusory allegation that his case had merit). Furthermore, there is little before the Court regarding the merits of Plaintiff's case, aside from the assertions in the operative complaint.[2] Therefore, at this early stage of the case, when the Defendants have not yet answered the complaint, and when the parties have not yet engaged in discovery or "proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits[.]" *Arellano v. Hodge,* No. 14-cv-590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion to appoint counsel when discovery had not yet been completed); *Bailey*, 835 F. Supp. at 552 (denying motion to appoint counsel because plaintiff offered "no evidence other than his own assertions to support his claims"); *see Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1–*2 (9th Cir. July 5, 2022) (finding that district court did not abuse its discretion in declining to appoint counsel earlier in case because it was not clear plaintiff's claims had potential merit until after summary judgment). Therefore, Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for appointment of counsel.

### B.     Ability to Articulate Claims *Pro Se*

As to the second factor, Plaintiff cites several barriers to effectively articulating his claims: (1) resource disparities between himself and the City Attorney's office; (2) the complexity of the issues involved; (3) the necessity of retaining an expert to properly support his claims; and (4) the need for assistance in cross-examining police witnesses at

---

[2] That all claims in Plaintiff's complaint survived the Court's screening process (ECF No. 6) does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15-cv-2812-JLS-JLB, 2017 WL 474054, at *2 (S.D. Cal. Jan. 3, 2017) (stating that the Court's screening process under § 1915 "tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [] Thus, the Court's screening process did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted).

trial. ECF No. 14 at 2. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by others representing themselves *pro se*.

First, Plaintiff argues that the City Attorney's office has significantly greater resources, including over 50 attorneys, while his own resources are comparatively minimal. *Id.* However, a disparity in resources between a *pro se* plaintiff and represented defendants does not establish exceptional circumstances. *Henderson v. Lizzaraga*, No. 2:18-cv-2181-JAM-DMC-P, 2021 WL 4554744, at *1 (E.D. Cal. Sept. 29, 2021) (denying motion for appointment of counsel when plaintiff highlighted "the disparity in resources between himself and defendants[,]" explaining that "[t]hese circumstances are not exceptional but represent the norm for most prisoner litigants"); *Phillips v. Henry Schein, Inc.*, No. 2:19-cv-337-RMP, 2020 U.S. Dist. LEXIS 269708, at *12–*13 (E.D. Wash. Jan. 31, 2020) (denying motion for appointment of counsel when plaintiff argued that defendant was a Fortune 500 Company represented by counsel, with large financial resources to litigate the case, explaining that a disparity in resources does not make a case complex or establish exceptional circumstances); *cf. Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (resource disparity alone was insufficient to warrant appointment of counsel). Nearly all civil rights cases involve institutional defendants with substantially greater resources than *pro se* plaintiffs, yet this alone does not constitute the exceptional circumstances required for appointment of counsel. *See Henderson*, 2021 WL 4554744, at *1. Further, the need for research and investigation is common to most litigation and does not automatically qualify the issues in a case as complex. *Wilborn*, 789 F.2d at 1331; *Miller v. LaMontagne*, No. 10-cv-702-WQH-BGS, 2012 WL 1666735, at *1–*2 (S.D. Cal. May 11, 2012) (finding plaintiff's research and investigation arguments reflected "the general difficulty of litigating *pro se*" rather than actual legal complexity).

Second, Plaintiff contends that the qualified immunity defense requires him to analyze over ten Supreme Court cases on "clearly established law," demonstrating complexity beyond his capabilities. ECF No. 14 at 2. While qualified immunity doctrine is

indeed sophisticated, *pro se* civil rights plaintiffs routinely navigate these issues without appointed counsel. *Alvarez v. Ko*, No. 16-cv-1302-CAB-NLS, 2017 WL 3131633, at *3 (S.D. Cal. July 24, 2017) (denying motion for appointment of counsel when plaintiff asserted that issues of qualified immunity increased the complexity of his case, explaining that "[a]ll—or nearly all—[pro se] claims based upon civil rights violations pursuant to 42 U.S.C. § 1983 involve defenses of qualified immunity and issues of supervisory liability. The presence of these issues does not present extraordinary circumstances or affect the complexity of the case such that appointment of counsel is necessary"); *see also Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (*en banc*) (noting that complexity alone is insufficient; plaintiff must show inability to articulate claims); *Wilborn*, 789 F.2d at 1331 (denying appointment where legal issues, though complex, did not prevent plaintiff from articulating claims). Plaintiff's case is distinguishable from situations where appointment is warranted. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Unlike in *Agyeman*, where the Ninth Circuit reversed a denial of appointment of counsel due to "triple complexity" involving misconceived claims that neither the plaintiff nor the district court properly identified, here, Plaintiff has sufficiently articulated claims in his amended complaint. *Compare* 390 F.3d at 1103 *with* ECF No. 6 at 2–3 (finding Plaintiff's amended complaint "clearer," "more concise," and sufficiently articulated to "warrant an answer" and survive screening). Plaintiff identified his claims as arising under 42 U.S.C. § 1983, named individual officers as defendants, and alleged municipal liability under *Monell*. Moreover, qualified immunity is generally a fact specific inquiry and is typically addressed on summary judgment after discovery. *See Marin v. Eidgahy*, No. 10-cv-1906-MMA-RBB, 2012 WL 928250, at *5–*6 (S.D. Cal. Mar. 19, 2012) (citing *Ramirez v. Giurbino,* No. 10-cv-1292-WQH-MDD, 2011 WL 2669484, at *8 (S.D. Cal. May 24, 2011)). To the extent that Plaintiff requires additional time to oppose a motion for summary judgment regarding qualified immunity issues, he may file a motion for an extension, setting forth good cause for the extension of that deadline. *See cf. Rodriguez v. Allison*, No. 21-cv-1395-JLS-AHG, 2022 WL 428967, at *2 n.1 (S.D. Cal. Dec. 11, 2022); *Carroll v.*

*Warden*, No. 19-cv-2162-BAS-KSC, 2021 U.S. Dist. LEXIS 93469, at *2–*5 (S.D. Cal. May 17, 2021) (noting that, "to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines").

Third, Plaintiff asserts that he needs expert testimony to support his *Monell* liability claims regarding San Diego Police Department's policies and that he lacks the resources to retain such an expert. ECF No. 14 at 2. However, the potential need for expert witnesses does not establish exceptional circumstances warranting appointment of counsel. *See e.g.*, *Brummett v. Sherman*, No. 1:20-cv-00622-HBK-PC, 2025 WL 985667, at *2–*3 (E.D. Cal. Apr. 2, 2025) (declining to appoint counsel despite plaintiff's assertion that he would need to introduce expert testimony and cross-examine defendant's experts at trial); *Fregia v. Miranda*, No. 1:21-cv-01068-AWI-BAM-PC, 2022 WL 2345636, at *1–*3 (E.D. Cal. June 28, 2022) (denying motion for appointment of counsel despite plaintiff's argument that he would need to retain experts regarding medical evidence and examine them at trial, and denying motion to appoint independent expert witness as an advocate for plaintiff). Not all *Monell* claims require expert testimony, and Plaintiff may be able to establish municipal liability through other means, including the City's own policies, training materials, or testimony from City officials. *See Canton v. Harris*, 489 U.S. 378, 390 (1989); *see cf. Mills v. Jones*, No. 1:21-cv-01193-ADA-HBK-PC, 2022 WL 4133289, at *1–*2 (E.D. Cal. Sept. 12, 2022) (overruling plaintiff's objections to order denying appointment of counsel, when plaintiff had requested counsel because "it will 'probably be necessary' to call or cross-examine a medical expert at trial[,]" explaining that "[t]here is no showing at this time that expert medical testimony would be necessary, much less required"). At this preliminary stage, before discovery has begun, concerns about expert testimony are premature. *See Brummett*, 2025 WL 985667, at *3.

Fourth, Plaintiff states that he requires the assistance of counsel to cross-examine police witnesses at trial. ECF No. 14 at 2. This argument also does not demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Wilborn*, 789 F.2d

at 1331 (affirming denial of motion for appointment of counsel when plaintiff argued that he was unable to adequately conduct discovery and examine witnesses, concluding that plaintiff had not shown exceptional circumstances, explaining that "[m]ost actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case"). The need for cross-examining witnesses is not an exceptional circumstance in this case. *French v. Mitchell*, No. 3:22-cv-1355-MMA-AHG, 2023 WL 4535530, at *3 (S.D. Cal. July 13, 2023) (finding that "Plaintiff's assertions regarding difficulty presenting evidence and cross-examining witnesses at trial do not present exceptional circumstances warranting appointment of counsel at this time" and collecting cases); *Wells v. Wash. State Dep't of Corr.*, No. C13-234-RJB-KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013) (finding no exceptional circumstances where plaintiff demonstrated adequate ability to articulate claims *pro se*, case was not legally or factually complex, and concerns regarding investigation, discovery, and cross-examination were typical difficulties encountered by *pro se* litigants). Moreover, Plaintiff's concerns about witness examination at trial are premature, as this case has not yet survived the pleading stage, let alone proceeded to discovery or trial. *See, e.g.*, *Goolsby v. Ridge*, No. 09-cv-02654-WQH-RBB, 2010 WL 3418428, at *4 (S.D. Cal. Aug. 26, 2010) (finding factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances). Therefore, Plaintiff has not shown he faces barriers in examining witnesses beyond those ordinarily experienced by *pro se* plaintiffs.

      The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel.[3] It is for

---

[3] While Plaintiff may not have immense resources or legal training, he has demonstrated that he has a good grasp of litigation procedure, as evidenced by his fillings in this case. *See, e.g.*, ECF No. 16 (timely, clearly-written opposition with case citations).

this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that the pleadings of a *pro se* litigant must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

## IV.   CONCLUSION

Although Plaintiff is indigent and made reasonable efforts to obtain counsel, Plaintiff failed to show exceptional circumstances warranting appointment of counsel. Thus, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 14) **without prejudice**.[4]

**IT IS SO ORDERED.**

Dated:  November 20, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[4] Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future.